U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 13 2016

TONY R. MOORE, CLERK
BY: \_\_\_\_MB\_\_\_\_
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACT. NO. 16-CR-00125-08 |
| VERSUS | JUDGE DRELL |
| MICHAEL DEWAYNE FIELDS | MAG. JUDGE PEREZ-MONTES |

## RULING AND ORDER

Defendant, Michael Dewayne Fields, was arrested based upon an indictment on charges of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) & 846 and unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). (Doc. 23). Defendant was ordered detained and a detention hearing was set for June 13, 2016 before U.S. Magistrate Judge Perez-Montes in Alexandria, Louisiana. (Doc. 33). Following the detention hearing, an order of detention was entered, requiring Defendant to remain in the custody of the U.S. Marshal pending trial. (Doc. 119). Defendant filed a motion for reconsideration of the pretrial detention order and that matter came before the Magistrate Judge for hearing on June 24, 2016. (Docs. 133, 141). At the conclusion of the hearing, the Magistrate Judge denied Defendant's motion for reconsideration for reasons orally assigned. (Doc. 148). Defendant now appeals the denial of reconsideration by the Magistrate Judge and that motion is before the undersigned for review. (Doc. 157).

We are required to make an independent determination of the proper pretrial detention or conditions for release when presented with an appeal of a Magistrate Judge's pretrial detention order. U.S. v. Reuben, 974 F.2d 580 (5th Cir. 1992); U.S. v. Fortna, 769 F.2d 243 (5th Cir. 1985).

A transcript of the June 24, 2016 motion hearing at issue is not available in the record, but the court was able to review the full audio recording of the proceeding.

The Bail Reform Act creates a rebuttable presumption that no conditions of release exist that would reasonably assure the appearance of the defendant as required and the safety of the community when, inter alia, there is probable cause to believe the defendant committed a crime subject to a potential term of imprisonment of ten (10) or more years under the Controlled Dangerous Substances Act, 21 U.S.C. § 801, et seq.  18 U.S.C. § 3142(e); U.S. v. Hare, 873 F.2d 796 (5th Cir. 1989).

The testimony and evidence presented at the June 24th hearing satisfies the court that the presumption in favor of detention was not successfully rebutted by the defense.  Defendant presented Mrs. Ida Deloach, Defendant's aunt, as a candidate for third party custodian in this case.  Mrs. Deloach's testimony was unpersuasive in that: (1) at least a portion of Defendant's prior arrest conduct occurred while he lived with her; (2) Mrs. Deloach was unaware of Defendant's activities and essentially testified that she did not care to know the particulars of the reasons for his arrest or other legal troubles; and (3) Mrs. Deloach had a limited knowledge of Defendant's whereabouts and activities during the past year.  Given Mrs. Deloach's testimony, we agree with the finding of the Magistrate Judge that Defendant's record of substance abuse, arrests and failure to appear were, when combined with Mrs. Deloach's willingness to turn a blind eye, likely to result in failure to report any violation of Defendant's terms and conditions of pretrial release.  Moreover, we note that many of the factors of Section 18 U.S.C. §3142(g) also weigh against pretrial release in this case.  Specifically, the involvement of narcotic drugs; the fact that Defendant has been arrested for possession of a drugs and firearms in the past; evidence showing a recent domestic altercation between Defendant and his girlfriend, Latrice Mitchell; evidence demonstrating a

history of substance abuse by Defendant; and last, but not least, Defendant's history of failing to appear at court as required. Based on these findings, it is hereby

**ORDERED** that Defendant's appeal of the Magistrate Judge's denial of reconsideration of pretrial detention in the above-captioned criminal matter is **DENIED** in all respects. The pretrial detention order previously entered stands as issued.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 13th day of July, 2016.

> **DEE D. DRELL, CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**